UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY R. KEETON,<br><br>             Plaintiff,<br>   v.<br>SGT. WARREN, et. al.,<br><br>             Defendant. | CV F- 05-0929 REC DLB P<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT<br>[DOC 22] |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an amended civil rights complaint filed on October 18, 2005.  On June 28, 2006, plaintiff filed a motion for leave to file an amended complaint to include additional facts regarding the exhaustion of his administrative remedies.  Plaintiff's motion is GRANTED.

      Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. Pro. 15(a).  In this case, a responsive pleading has not yet been served.  Therefore, plaintiff may file an amended complaint without leave of the court.

However, plaintiff is advised that pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). In McKinney, the Court held that prisoners must exhaust prior to filing suit, and that exhaustion during the pendency of the suit will not save the case from dismissal. McKinney, 311 F.3d at 1199-1201. It appears from plaintiff's motion that he did not exhaust the administrative process until April 28, 2006, well after this action was filed on July 18, 2005. If that is the case, plaintiff should consider voluntarily dismissing this case without prejudice in that defendants will undoubtedly file a motion to dismiss the action for failure to exhaust the administrative process prior to filing suit, which is likely to be granted if the facts are as they appear in plaintiff's motion.

IT IS SO ORDERED.

Dated:   July 17, 2006                           /s/ Dennis L. Beck
3b142a                                   UNITED STATES MAGISTRATE JUDGE