# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY R. KEETON,<br><br>        Plaintiff,<br><br>       v.<br><br>SERGEANT WARREN, et al.,<br><br>        Defendants.<br>                                       / | CASE NO. 1:05-cv-00929-LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BASED ON PLAINTIFF'S FAILURE TO EXHAUST PRIOR TO FILING SUIT BE GRANTED<br>(Doc. 34)<br><br>OBJECTIONS DUE MAY 25, 2007 |

I.  <u>Defendants' Motion to Dismiss for Failure to Exhaust</u>

    A.  <u>Procedural History</u>

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed August 3, 2006, against defendants Warren, Gonzales and Olivas for violation of the First and Eighth Amendments.

On September 13, 2006, pursuant to Federal Rule of Civil Procedure 12(b), defendants filed a motion to dismiss for failure to exhaust the available administrative remedies. Plaintiff has not filed an opposition to the motion. However, on February 12, 2007, plaintiff filed a motion for partial summary judgment, without referencing the motion to dismiss.

    B.  <u>Legal Standard</u>

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative

process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and exhaustion must occur prior to filing suit, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, Nos. 05-7058, 05-7142, 2007 WL 135890, at *11 (Jan. 22, 2007) (citing Porter, 435 U.S. at 524); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

     C.     Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2006). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 126 S.Ct. at 2383; McKinney, 311 F.3d at 1199-1201.

Defendants argue that they are entitled to dismissal of the claims against them because plaintiff did not exhaust prior to filing suit. In support of their motion, defendants submit the

Declaration of N. Grannis, Chief of Inmate Appeals along with evidence that plaintiff's inmate appeal for the acts allegedly occurring on September 29, 2004 and September 30, 2004, Log COR 05-2994, was submitted at the informal level on August 7, 2005 and screened out at the Director's Level on April 28, 2006 as untimely.  Doc. 34, Exhibits A-C.  Plaintiff does not dispute this evidence.

"[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."  Jones, 2007 WL 135890, at *8 (citing Porter, 435 U.S. at 524).  Exhaustion must occur prior to filing *suit*.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  In this instance, suit was filed on July 18, 2005.  Plaintiff's appeal was submitted August 7, 2005 and screened out at the Director's Level on April 28, 2006.  Plaintiff may not exhaust while the suit is pending.  McKinney, 311 F.3d at 1199-1201.  The court therefore finds that defendants are entitled to dismissal of this action based on plaintiff's failure to exhaust prior to filing suit.

D.   Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.   Defendants' motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies prior to filing suit, filed September 13, 2006, be granted; and

2.   Pursuant to 42 U.S.C. § 1997e(a), this action be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  On or before May 25, 2007, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 7, 2007**          /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE